IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**COURTNAY BELL**                                                                                           **PLAINTIFF**

v.                                    **CASE NO. 4:20-CV-01355-BSM**

**BAPTIST HEALTH d/b/a BAPTIST**
**HEALTH MEDICAL CENTER-**
**NORTH LITTLE ROCK**                                                                       **DEFENDANT**

## ORDER

Baptist Health's motion for summary judgment [Doc. No. 13] is granted.

### I.  BACKGROUND

Courtnay Bell was a staff radiologic technologist for Baptist Health at its North Little Rock location. Def.'s SUMF ¶ 4, Doc. No. 15. While at Baptist Health, Bell regularly worked in the catheterization laboratory ("cath lab") with doctors from Arkansas Cardiology, P.A., who provided interventional cardiology services for Baptist Health. *Id*. ¶¶ 7, 9. Bell worked with approximately ten to fifteen such doctors during her tenure at Baptist Health. *Id*. ¶ 8. In March 2019, Bell began writing down specific incidents involving Dr. Kapil Yadav. Bell Written Statements, Doc. No. 13-4. Bell alleges that on one occasion Dr. Yadav ignored her and instead spoke to a male co-worker. *Id*. at 6. She alleges a separate incident when Dr. Yadav told her not to make fun of him. *Id*. at 6–7. Bell further alleges that on one occasion Dr. Yadav spoke to her in an accusatory tone when he asked her whether she had answered his phone during a procedure. *Id*. at 8. She also alleges an incident when Dr. Yadav became frustrated with her for taking too long to prep a patient, and made derogatory

statements that she could not remember verbatim. *Id*. at 9–11.

In August 2019, Bell filed a Workplace Alert Initial Report alleging that Dr. Yadav became frustrated with her during a procedure and threw a used, uncapped syringe past her, onto the patient's groin. Doc. No. 13-5 at 3–4. Bell reported that after the procedure she told Dr. Yadav that they needed to work together, and Dr. Yadav responded by saying that he was tired of her "talking about [his] little country." *Id*. Bell's report also alleged, without specificity, that Dr. Yadav had been discriminating against her and other female staff members since mid-2018. *Id*. at 2–3. Later that same month, Bell filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC'), alleging that Dr. Yadav was harassing her. EEOC Charge, Doc. No. 13-6.

Shortly after filing her workplace report and EEOC charge, Bell met with her supervisor as well as the perioperative services director. Def.'s SUMF ¶ 36. They directed Bell to contact them if she felt unsafe and one of them would step in to cover for her. *Id*. During this time, Baptist Health's employee relations manager called Bell on at least two occasions to check on her, and Bell reported no new issues. *Id*. ¶ 37. In November 2019, Bell reported a new incident in which she alleged that Dr. Yadav became angry with her during a procedure and told her to "hurry up." Bell Written Statements at 1–2. Bell requested that she not work with Dr. Yadav until the incident was reviewed and a resolution determined. *Id*. at 5.

Two days later, Bell called her supervisor to report that she felt unsafe because

another physician, Dr. Conley, was intoxicated. Def.'s SUMF ¶¶ 44–45. Baptist Health administered a Breathalyzer test on Dr. Conley, which came back normal. *Id*. ¶ 46. After this incident, Dr. Conley told Baptist Health he would not work with Bell again. *Id*. ¶ 47. Baptist Health then placed Bell on paid administrative leave for several months. *Id*. ¶¶ 48–50.

In March 2020, Baptist Health offered Bell the option to return to work at its Little Rock, Conway, or North Little Rock location. Unconditional Offer, Doc. No. 13-7. The offer stated that her duties, hours, and pay would not change if she chose the Little Rock or Conway location instead of remaining at North Little Rock. *Id*. The offer also stated that she should immediately contact her supervisor or human resources if she had problems with a physician. *Id*. Finally, the offer gave her until March 27, 2020, to accept the offer, or her "termination [would] be treated as a voluntary resignation under the current policies of Baptist Health." *Id*.

Bell did not accept the offer or return to work for Baptist Health. Def.'s SUMF ¶ 56. She stated that even at the Little Rock location, which was closer to her home, there was a "chance [she] would have to work with Dr. Yadav again." Bell Dep. at 46:5–23, 50:8–15, Doc. No. 13-2. Baptist Health also offered to move Bell to another department, but she declined. *Id*. at 48:2–15. Bell alleges that a few other doctors made derogatory and sexual comments about her, including Dr. Conley, but that Dr. Yadav was the only doctor she had problems working with. *Id*. at 20:6–22:10. Bell is suing Baptist Health, alleging sex

discrimination, constructive discharge, retaliation in violation of Title VII and the Arkansas Civil Rights Act. *See Schaffhauser v. United Parcel Service, Inc.*, 794 F.3d 899, 902 (8th Cir. 2015) (claims are evaluated identically under Title VII and the Arkansas Civil Rights Act). Bell also asserts a state law claim for negligent retention.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A.    <u>Sex Discrimination</u>

Summary judgment is granted on Bell's sex discrimination claim because she has not shown that she suffered an adverse employment action, or that she suffered severe or pervasive harassment.

Bell alleges that Baptist Health discriminated against her on the basis of her sex. Bell's claim can be construed as alleging disparate treatment or a hostile work environment. As a disparate treatment claim, Bell must establish a prima facie case under the McDonnell Douglas burden–shifting framework because she has not offered any evidence of direct discrimination. *See Bearden v. Int'l Paper Co.*, 529 F.3d 828, 831 (8th Cir. 2008). To establish a prima facie case, Bell must show that: (1) she is a member of a protected class; (2) she was qualified to perform the job; (3) she suffered an adverse employment action; and (4) circumstances permit an inference of discrimination. *Id.*

Bell's disparate treatment claim fails because she has not shown that she suffered an adverse employment action. *See Sellers v. Deere & Co.*, 791 F.3d 938, 942 (8th Cir. 2015) (adverse employment action requires "a tangible change in working conditions that produces a material employment disadvantage"). Baptist Health did not terminate Bell, cut her pay or benefits, or change her job responsibilities. *See Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 805 (8th Cir. 2013). Further, Baptist Health's decision to place Bell on paid administrative leave and its offer to transfer her to a different location were not adverse employment actions. *See Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 891–92 (8th Cir. 2005); *Spears v. Mo. Dep't of Corr.*, 210 F.3d 850, 853–54 (8th Cir. 2000). Bell contends that she had to leave Baptist Health or potentially be forced to work with Dr. Yadav again, but this did not produce a material employment disadvantage. *See Sellers*, 791 F.3d at 942 ("not everything that makes an employee unhappy is an actionable adverse action").

Moreover, Bell's decision to resign cannot be imputed as an adverse action taken by Baptist Health. *See Jackman*, 728 F.3d at 804 (employee's decision to take sick leave due to work-related stress from discrimination and harassment was not adverse employment action).

Bell's hostile work environment claim also fails because she has not shown that she was subjected to severe or pervasive harassment. To establish a hostile work environment claim, Bell must show (1) she is a member of a protected class; (2) unwelcome harassment occurred; (3) a connection between the harassment and her membership in the protected class; (4) the harassment affected term, condition, or privilege of her employment; and (5) Baptist Health knew or should have known of the harassment and failed to take prompt remedial action. *Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 550 (8th Cir. 2007). This is a demanding standard that requires plaintiffs to show harassment "so intimidating, offensive, or hostile that it poisoned the work environment." *LeGrand v. Area Res. for Cmty. & Human Servs.*, 394 F.3d 1098, 1101 (8th Cir. 2005).

Even assuming that Bell's allegations are true, they are not sufficient to support a hostile work environment claim. Bell alleges six incidents involving Dr. Yadav, and a few more incidents involving other physicians. These incidents were spread out over a period of at least nine months. Many of Bell's allegations are that doctors were irritable or cross with her. *See LeGrand v. Area Res. for Cmty. & Human Servs.*, 394 F.3d 1098, 1101 (8th Cir. 2005) ("conduct must be extreme rather than merely rude or unpleasant"). The most serious allegations are that Dr. Yadav tossed an uncapped syringe toward Bell, and that Dr. Conley

once made demeaning sexual comments.

Considering the totality of the circumstances, Bell's allegations do not rise to the level of severe or pervasive harassment. A hostile work environment claim requires more than a few isolated incidents, and Bell's allegations are similar to those in other cases where the plaintiff failed to establish actionable harassment. *See e.g. LeGrand*, 394 F.3d 1098 (no severe or pervasive sexual harassment based on three instances of unwelcome sexual advances over a nine month period); *Duncan v. Gen. Motors Corp.*, 300 F.3d 928, 935 (8th Cir. 2002) (five harassing incidents over two years was not severe or pervasive); *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756 (8th Cir. 2004) (racial slurs once a month for two years did not create a hostile work environment). Moreover, Bell's assertion that Dr. Yadav was the only physician she had problems with, diminishes her allegations against Dr. Conley and others. *Harris v. Forklift Sys.*, 510 U.S. 17, 21–22 (1993) ("if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of employment, and there is no Title VII violation"). These deficiencies are ultimately fatal to Bell's hostile work environment claim.

    B.    <u>Constructive Discharge</u>

Summary judgment is granted on Bell's constructive discharge claim because the record is devoid of evidence that Baptist Health took action with the intent that Bell quit her job. To establish a case of constructive discharge, Bell must show (1) that a reasonable person in her situation would find her working conditions intolerable, and (2) that Baptist

Health intended her to quit. *Rester v. Stephens Media, LLC*, 739 F.3d 1127, 1132 (8th Cir. 2014). Nothing indicates that Baptist Health intended for Bell to quit. On the contrary, the record shows that Baptist Health tried to retain Bell by affording her months of paid leave and offers to relocate to a new department. Further, Bell's constructive discharge claim fails because it is based on the same allegations that are insufficient to support her hostile work environment claim. *See Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004) ("A hostile-environment constructive discharge claim entails something more [than an actionable hostile work environment]").

    C.    <u>Retaliation</u>

Summary judgment is granted on Bell's retaliation claim because Baptist Health took no action that was materially adverse to Bell. To prove retaliation, Bell must show that (1) that she engaged in protected conduct, (2) she suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct. *Muldrow v. City of St. Louis, Mo.*, No. 20-2975, 2022 WL 995363, at *6 (8th Cir. Apr. 4, 2022). An employment act is materially adverse if "it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id*. (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). Retaliation cannot be trivial and must produce some injury or harm. *Littleton v. Pilot Travel Ctrs.*, 568 F.3d 641, 644 (8th Cir. 2009).

Baptist Health did not take any action that was materially adverse to Bell. Its decision to place Bell on paid administrative leave, and its offer to transfer Bell to a new location, did

not injure or harm her. Further, Baptist Health was not required to ensure that Bell would never have to work with Dr. Yadav again. *See Muldrow*, 2022 WL 995663, at *6 ("an employer is not tethered to every whim of its employees"); *see also Marrero v. Goya of P.R., Inc.*, 304 F.3d 7, 23 (1st Cir. 2002) ("Work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action").

    D.    <u>Negligent Retention</u>

Summary judgment is granted on Bell's claim that Baptist Health was negligent in retaining Dr. Yadav after it received her complaints. To establish negligent retention, Bell must prove that she was injured as a result of tortious acts by Dr. Yadav, and that Baptist Health knew or should have known that Dr. Yadav's conduct would subject Bell to an unreasonable risk of harm. *See Clinard v. Washington Reg'l Med. Ctr.*, No. 5:20-CV-05188, 2021 WL 4776694, at *5 (W.D. Ark. Oct. 12, 2021). Even if all of Bell's allegations are true, the record does not suggest that Dr. Yadav ever exposed Bell to an unreasonable risk of harm, much less that Baptist Health had reason to know he would do so. No reasonable juror could conclude otherwise, so summary judgment must be granted on Bell's negligent retention claim.

    E.    <u>Other Claims</u>

Bell's conspiracy claim under 42 U.S.C. section 1985 and her state law claim for negligent hiring were voluntarily dismissed so those claims will not be addressed on the

9

merits. *See* Pl.'s Br. Supp. Resp. Mot. Summ. J. at 9, Doc. No. 23.

## IV. CONCLUSION

For the foregoing reasons, Baptist Health's motion for summary judgment [Doc. No. 13] is granted.

IT IS SO ORDERED this 25th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE